IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tommy Riley, #271698, ) | |
| ) | Civil Action No. 6:10-1340 |
| Petitioner, ) | |
| ) | **AMENDED** |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Leroy Cartledge, Warden of ) | |
| McCormick Correctional Institution, ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The petitioner is currently confined in McCormick Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), as the result of his Richland County conviction and sentence for murder. The Richland County Grand Jury indicted the petitioner at the July and November 1998 terms of court for two counts of murder (98-0S-40-30007 & -30008) and one count of carjacking (98-0S-40-30009) (App. 849-54). Richland County Public Defender, Douglas Strickler and Assistant Public Defender Tara Sheil (McGregor) represented him on these charges.

On December 11-15, 2000, the petitioner received a jury trial before the Honorable James C. Williams, Jr. The jury found him guilty as charged, and Judge Williams

sentenced him to concurrent sentences of life imprisonment for each murder and to twenty-five years, concurrent, for carjacking (App. 1-847; 922-29).

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on appeal. On October 30, 2001, Mr. Dudek filed a Final Brief of Appellant pursuant to *Anders v. California*, 386 U.S. 738 (1967) on the petitioner's behalf and petitioned to be relieved as counsel. The only question presented in the *Anders* Brief was stated as follows:

> Whether the trial judge erred by refusing to charge "mere presence" where appellant never admitted he shot the victims, made bizarre statements to police about how the shootings occurred, and his presence at the scene was sought to be established by the state by evidence outside his statements?

Final *Anders* Brief of Appellant, p. 2.

On December 20, 2001, the petitioner filed his Initial *Anders* Brief of Appellant, in which he presented the following issues for review (verbatim):

> 1. Did the Court erred, deny, or [cause] very highly undue [prejudice to] Appellant's Due Process, and equal Protection of Law, in violation of the Fifth, Sixth, and Fourteenth-Amendments Rights and Article I, Section 14, of the United States and South Carolina Constitution, by the Ineffectiveness of Trial Counsel's failure to totally investigate the substantial evidence of case, and failure to properly frame all meritorious issues for direct Appeal. Subject-Matter Jurisdiction, Misconduct of Prosecutor, and Hearsay?
>
> 2. Did the Court erred, deny, or [cause] very highly undue [prejudice to] Appellant's Due Process of Law in violation of the Fifth, SIXTH, and FOURTEENTH-AMENDMENT RIGHTS when the Judge failed to give the Jury instruction on the Law on Hearsay Testimony, testifying?

Final Brief of Appellant at p. 3.

On June 18, 2002, the South Carolina Court of Appeals dismissed the petitioner's appeal and granted counsel's petition to be relieved in an unpublished opinion. *State v. Riley*, 2002-UP-444 (S.C. Ct. App. June 18, 2002). The petitioner filed a timely *pro se* Petition for Rehearing on July 15, 2002. The South Carolina Court of Appeals denied rehearing in an August 23, 2002 Order. It sent the Remittitur to the Richland County Clerk of Court on September 27, 2002.

The petitioner filed a *pro se* Post-Conviction Relief ("PCR") Application (03-CP-40-3399) on July 8, 2003. He alleged the following grounds for relief in his Application:

> 1. Ineffective Assistance of Counsel (Trial and Appeal).
>
> 2. Lack of Subject Matter Jurisdiction.
>
> 3. Insufficient Indictments.
>
> 4. Counsel failed to conduct pre-trial investigation..
>
> 5. Due process. violations in the indictment process.
>
> 6. Due process [violation] in the grand jury proceedings.

(App. 855-59). The State filed its Return on July 27, 2004 (App. 863-69).

On May 11, 2006, after collateral counsel, Tara Dawn Shurling, had been appointed, the petitioner filed an Amended Application for PCR. He alleged the following grounds for relief in his Amended Application:

> 1. Applicant alleges that Trial Counsel was ineffective for failing to challenge his alleged statements to the police where his simple answers to questions were elaborated upon and rearranged to give a complete misimpression.
>
> 2. Applicant alleges that Trial Counsel was ineffective for failing to prevent the use of the hearsay testimony of Tykillies Grant during trial.

3

> 3. Applicant alleges that Trial Counsel was ineffective for failing to get a juror removed who "accidentally" discussed the case with Carlos' sister's friend.
>
> 4. Applicant alleges that Trial Counsel was ineffective for failing to make effective use of the testimony of Dr. Phillip Morgan, who diagnosed Applicant in camera when Applicant was not speaking or eating and for generally neglecting to present adequate evidence to support the fact that the Applicant was not competent to stand trial.
>
> 5. Trial counsel was ineffective for failing to develop and present evidence that the Applicant was legally insane at the time of the offense fir which he was charged.
>
> 6. Applicant alleges that Trial Counsel was ineffective for failing to prepare and present an adequate defense to refute the State's claim that he was guilty of carjacking and murder.
>
> 7. The Applicant asserts that the combined effect of the errors alleged in his original Application for Post-Conviction Relief as well as the amendments contained herein, establish that he received ineffective assistance of counsel both prior to and during his trial in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the
> United States Constitution as well as Article I, Section 14 of the South Carolina Constitution.

(App. 860-62).

The Honorable James R. Barber, III, held an evidentiary hearing into the matter on March 1, 2007, at the Richland County Courthouse. The petitioner was represented by Ms. Shurling at the hearing. Assistant Attorney General Robert L. Brown represented the State. The petitioner testified on his own behalf. He also presented

4

testimony of trial counsel, Mr. Strickler, as well as testimony from Joseph P. Strom and Dr. Donna Schwartz-Watts. The State did not present any witnesses (App. 870-910).

On April 6, 2007, Judge Barber filed an Order of Dismissal, in which he denied relief and dismissed the application with prejudice. The Order of Dismissal addressed the claims that the petitioner raised in his Amended Application (App. 913-21). Judgment was entered the same day (App. 912).

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender LaNelle C. Durant represented him in collateral appellate proceedings. On July 10, 2007, Ms. Durant filed a *Johnson* Petition for Writ of Certiorari[1] on the petitioner's behalf and petitioned to be relieved as counsel. The only question presented in the *Johnson* Petition was stated as follows:

> Did the PCR court err in failing to find trial counsel ineffective for not investigating possible defenses to refute the charges against petitioner of murder and carjacking?

*Johnson* Petition for Writ of Certiorari at p. 2. However, the South Carolina Supreme Court entered an Order on February 26, 2008, in which it denied the petition to be relieved and it directed the parties to brief the following two issues:

> 1. Was trial counsel ineffective in failing to call Pete Strom to testify at the *Jackson v. Denno* hearing regarding petitioner's mental state at the time he made a statement to police?
>
> 2. Was trial counsel ineffective in failing to call any witnesses at trial concerning petitioner's mental state?

---

[1] *See Johnson v. State*, 364 S.E.2d 201 4 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders, supra. Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in post-conviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

5

The petitioner filed a Petition for Writ of Certiorari addressing both issues on March 27, 2008. The State filed a Return to Petition for Writ of Certiorari on July 29, 2008.

On September 18, 2008, the South Carolina Supreme Court filed an order granting certiorari and directed the parties to brief the same two issues. The petitioner filed a Brief of Petitioner on October 17, 2008, and the State filed a Final Brief of Respondent on November 19, 2008. Assistant Attorney General Brian Petrano represented the State on certiorari. The South Carolina Supreme Court filed an Order dismissing certiorari as improvidently granted on June 22, 2009. It sent the Remittitur to the Richland County Clerk of Court on July 9, 2009.

## **FEDERAL HABEAS PETITION**

On May 24, 2010, the petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this court raising the following allegations:

> **GROUND ONE**: The State sought to place Appellant at the crime through circumstantial evidence.
>
> **SUPPORTING FACTS**: Appellant gave the police bizarre answers to their questions upon his arrest. Appellant had knowledge of some of the crime, did not deny his presence at scene, and there was evidence others may have been present as well.
>
> **GROUND TWO**: (1) Was trial counsel ineffective in failing to call Pete Strom to testify at the *Jackson v. Denno* hearing regarding Petitioner's mental state at the time he made a statement to the police? (2) Was trial counsel ineffective in failing to call any witnesses at trial concerning Petitioner's mental state?

The petitioner also raises the following allegations in his Amended *pro se* Petition for Writ of Habeas Corpus filed June 23, 2010:

> 1. Applicant alleges that trial counsel was ineffective for failing to prevent hearsay testimony from Tykilles Grant
>
> 2. Applicant alleges counsel was ineffective for failure to remove juror after outside contact.
>
> 3. Counsel was ineffective for failing to make use of Dr. Morgan's [and] other psychiatrist testimony.
>
> 4. Applicant alleges counsel was ineffective for failing to call relevant witness who was favorable to defense.
>
> 5. Applicant also would like to raise actual innocen[ce] in the offense(s) murder and car jacking.
>
> 6. Applicant alleges counsel was ineffective for failing to refute state claim of murder, carjacking, and show court lack of jurisdiction from perjured testimony.
>
> 7. Judge abused his discretion in failing to remove juror from the panel after outside contact.
>
> 8. Counsel was ineffective for failure to have second competency hearing.

On November 16, 2010, the respondent filed a motion for summary judgment. By order filed November 17, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his own motion for summary judgment on December 21, 2010. On March 8, 2011, this court issued a Report and Recommendation recommending that the action be dismissed for lack of prosecution as the petitioner did not file a response in opposition to the respondent's motion for summary judgment. On March 31, 2011, the petitioner filed objections to the

Report, which is currently pending before the Honorable J. Michelle Childs, United States District Judge. As this court finds in retrospect that the petitioner's motion for summary judgment should have also been construed as a response in opposition to the respondent's motion, this court is now filing an Amended Report addressing the parties' motions.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, United States Code, Section 2244(d), provides:
>
> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

>>the applicant was prevented from filing such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

[2] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

9

Further, the tolling period for state collateral review does not include the time for filing a petition for certiorari in the United States Supreme Court. 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) ("Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. ... [A]llowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic. By filing a petition for certiorari, the prisoner would push back § 2254's deadline while we resolved the petition for certiorari. This tolling rule would provide an incentive for prisoners to file certiorari petitions – regardless of the merit of the claims asserted – so that they receive additional time to file their habeas applications").

Applying this criteria to the present case, it is clear that the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). Because he filed a direct appeal, his state court convictions became final on September 27, 2002 , the date on which the state court of appeals sent the Remittitur to the Richland County Clerk of Court, after denying rehearing of the Opinion affirming his convictions and sentence. *See* Rules 203(b)(2), 221, & 242, SCACR. As the petitioner did not seek certiorari from the South Carolina Supreme Court in his direct appeal, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. *See Morris v. Warden of Ridgeland Correctional Inst.*, C/A No. 0:10-cv-922-RBH, 2011 WL 489933, at *3 n.5 (D.S.C. February 4, 2011) (citing *Hammond v. Hagan*, C/A No. 4:07-1081-JFA, 2008 WL 2922860, at *3 (D.S.C. July 24, 2008)).

Accordingly, the petitioner had one year from September 28, 2002, to file his federal habeas corpus action unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir.2000) (applying the anniversary date method in calculating the

10

one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

The petitioner filed his PCR Application (03-CP-40-3399) on July 8, 2003. Thus, 283 days of non-tolled time (September 28, 2002, to July 8, 2003) accrued between the conclusion of direct review and the filing of the petitioner's PCR action. The period of limitations was tolled during the pendency of the PCR proceedings, until the state supreme court sent the Remittitur to the Richland County Clerk of Court on July 9, 2009, following entry of its Order dismissing certiorari as improvidently granted. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); *Harris*, 209 F.3d at 328 (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petitioner delivered his § 2254 petition to prison authorities for mailing to the court on May 18, 2010, the date stamped on the back of the envelope containing his petition (doc. 1-3). This was 312 days after the state collateral review of the PCR Application ended (July 10, 2009, to May 18, 2010) and 595 days after his conviction became final. The petitioner exceeded the statute of limitations by some 230 days. The petitioner has failed to raise any issue that would entitle him to equitable tolling of the statute of limitations. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, the petition is barred by § 2244(d)(1).

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 40) be granted and the petitioner's motion

for summary judgment (doc. 47) be denied. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003)  (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

June 28, 2011                                             s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge