# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Tommy Riley, #271698, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No. 6:10-cv-01340-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Leroy Cartledge, Warden of ) | |
| McCormick Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on Respondent Leroy Cartledge's ("Respondent") and Petitioner Tommy Riley's ("Petitioner") respective Motions for Summary Judgment [Doc. 40]; [Doc. 47]. Petitioner, a state prisoner proceeding pro se, filed a Habeas Corpus petition under 28 U.S.C. § 2254. [Doc. 1]. The Magistrate Judge's Amended Report and Recommendation [Doc. 69], filed on June 28, 2011, recommends that Respondent's Motion for Summary Judgment be granted and that Petitioner's Motion for Summary Judgment be denied. The Amended Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Amended Report and Recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or

1

recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

After reviewing the Magistrate Judge's Amended Report and Recommendation, the record, the applicable law and Petitioner's objections, the court adopts the Magistrate Judge's Amended Report and Recommendation, **GRANTS** Respondent's Motion for Summary Judgment, **DENIES** Petitioner's Motion for Summary Judgment and **DISMISSES** Petitioner's Habeas Corpus petition with prejudice.

## FACTS AND PROCEDURAL BACKGROUND

The court incorporates the Magistrate Judge's discussion of the procedural history of this case. [Doc. 69, at 1-8]. However, the court states below its findings related to the timeline of events that occurred during the pendency of Petitioner's appeals and application for Post- Conviction Relief ("PCR").

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) states:

> A party may move for summary judgment, identifying each claim or defense . . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed R. Civ. P. 56(a). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue to survive summary judgment. *Id*. at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### II. Analysis

In Petitioner's Amended *pro se* Petition for Writ of Habeas Corpus filed June 23, 2010, [Doc. 15], Petitioner raised eight allegations related to essentially three grounds: ineffective assistance of counsel, actual innocence, and judicial abuse of discretion. On March 31, 2011, Petitioner filed what the Magistrate Judge determined to be, in essence, objections to the Magistrate Judge's prior Report and Recommendation [Doc. 59] despite the fact that Petitioner labeled the filing "Response in Support for Motion for Summary Judgment." [Doc. 61]. The Magistrate Judge also determined that Petitioner's Motion for Summary Judgment [Doc. 47] should have also been construed as a response in opposition to Respondent's Motion for Summary Judgment.

In Petitioner's Response in Support of Motion for Summary Judgment (or Objections) [Doc. 61], Petitioner does not re-address all of his allegations, nor does he address the issue of the expiration of the statute of limitations discussed in the Magistrate Judge's prior Report and Recommendation. However, Petitioner does add further allegations. For example, he alleges that Investigator Barry Wright and Lancy Weeks both gave false testimony. He also alleges ineffective assistance of counsel as well as judicial abuse of discretion because, according to Petitioner, the judge failed to remove the juror who Petitioner claims stated that she could not be fair if the case was a "drunk driving case." In addition, Petitioner alleges that a girlfriend of one of the decedents changed her testimony. Petitioner also alleges the State printed false information which indicated that Petitioner gives "exaggerated answers." Finally, Petitioner alleges that his "incompetency" as a layman was the reason he did not accept a plea agreement.

The court has reviewed Petitioner's allegations and supporting documents as outlined above. However, despite Petitioner's averments, the Magistrate Judge based his recommendation on the finding that the original petition exceeded the statute of limitations by some 230 days.

Petitioner's Habeas Corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA sets forth a one-year statutory deadline and the one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Petitioner's state court convictions became final on September 27, 2002, when the state court of appeals sent the Remittitur to the Richland County Clerk of Court. Accordingly, Petitioner had one year from September 27, 2002, in which to file a federal habeas corpus action.

There was, however, a significant period of time during which the statute of limitations was

4

tolled because of Petitioner's state PCR application. Petitioner filed his PCR application on July 8, 2003. Thus, 283 days of non-tolled time elapsed (September 28, 2002, to July 8, 2003) between the conclusion of direct review and the filing of Petitioner's PCR application. Once the Supreme Court of South Carolina sent the Remittitur to the Richland County Clerk of Court on July 9, 2009, following its dismissal of Petitioner's PCR application, the tolling period ended and Petitioner's one-year time limit began to run once again on July 10, 2009. At this point, Petitioner had 82 days of non-tolled time, or until September 29, 2009, remaining in which to file his petition. The record indicates that Petitioner delivered his petition to prison authorities for mailing on May 18, 2010. Thus, Petitioner exceeded the statute of limitations by 230 days.

In *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), the United States Supreme Court held that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Here, Petitioner has failed to raise any issue that would entitle him to equitable tolling of the statute of limitations.

Ultimately, Petitioner failed to specifically object to the Magistrate Judge's finding that Petitioner's habeas corpus petition failed to comply with the statute of limitations. Accordingly, the court agrees with the Magistrate Judge and adopts his Amended Report and Recommendation. [Doc. 69].

## CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Amended Report and Recommendation. [Doc. 69] Accordingly, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Doc. 40] is **GRANTED**, and Petitioner's Motion for Summary Judgment [Doc. 47] is **DENIED**. Petitioner's Petition for Writ of Habeas Corpus is hereby **DISMISSED**.

**CERTIFICATE OF APPEALABILITY**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

                    s/ J. MICHELLE CHILDS
                      United States District Judge

July 27, 2011
Greenville, South Carolina